IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JENNIFER LYNN WOOTTERS,

    Defendant.

2:23-CR-013-Z-BR (2)

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion for Sentence Reduction (ECF No. 108) filed by Defendant Jennifer Lynn Wootters ("Wootters"). For the reasons stated below, Wootters' Motion is **DENIED**.

### BACKGROUND

On September 29, 2023, the Court accepted Wootters' guilty plea to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) & (b)(1)(C) and 18 U.S.C. Section 2. ECF No. 70. As a result, on May 23, 2024, the Court sentenced Wootters to 120 months of imprisonment, followed by three years of supervised release. ECF No. 97. On September 30, 2025, Wootters filed this Motion, seeking release based on her disagreement with the Sentencing Guidelines distinction between "methamphetamine" and "actual methamphetamine". ECF No. 108.

### LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed, except in limited circumstances. *United States v. Hoffman*, 70 F.4th 805, 811 (5th Cir. 2023); *see also* 18 U.S.C. Section 3582(c). A defendant moving for compassionate release must satisfy three criteria: (1) either "extraordinary and compelling reasons" warrant

a reduction, or she is at least 70 years of age, has served at least 30 years in prison, and meets certain additional requirements;[1] (2) show that compassionate release is consistent with applicable U.S. Sentencing Commission policy statements; and (3) convince the Court to exercise its discretion to grant the motion after considering the Section 3553(a) factors. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.), *cert. denied*, 142 S. Ct. 299 (2021).

### LEGAL ANALYSIS

#### A. Wootters Shows No "Extraordinary and Compelling Reasons" for Release

Although Section 3582(c)(1)(A) provides that the Court may reduce a prison sentence for extraordinary and compelling reasons, the statute itself provides no definition of situations considered to be "extraordinary and compelling." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). In an effort to define "extraordinary and compelling," the U.S. Sentencing Commission promulgated Sentencing Guideline Section 1B1.13, which includes a list of six extraordinary and compelling reasons that may justify compassionate release. *See* U.S. Sent'g Guidelines Manual Supplement to App. C (U.S. Sent'g Comm'n 2023) at 200-210 (Am. 814).

Wootters argues that a change in the law supports a sentence reduction. Specifically, she contends that her sentence would be shorter today if the Court would follow other district courts in refusing to consider the purity of the methamphetamine when sentencing defendants convicted of possessing methamphetamine. ECF No. 108 at 4-5. In support, Wootters points to several district court cases from other districts. *See, e.g., United States v. Hayes*, 948 F.Supp.2d 1009, 1025 (N.D. Iowa 2013); *United States v. Johnson*, 379 F.Supp.3d 1213, 1227 (M.D. Ala. 2019).

---

[1]This factor does not apply to Wootters.

The cases cited by Wootters do not warrant a sentence reduction. First, there has been no meaningful change in the statutes under which Wootters was sentenced. A change in the law does not occur simply because some district courts conclude that they should not consider the purity of the methamphetamine when sentencing criminal defendants. *United States v. Williams*, No. 1:18-CR-37-HSO-JCG-1, 2025 WL 1020787, at *3 (S.D. Miss. Apr. 4, 2025). Further, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Id.* (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)). Wootters has provided no binding case law from the U.S. Supreme Court or the Fifth Circuit Court of Appeals in support of her argument.

Even if *Hayes* and *Johnson* represented an intervening change in the law, however, U.S.S.G. Section 1B1.13(c) limits the Court's discretion to consider an intervening change in the law as an extraordinary and compelling circumstance to only those situations described in U.S.S.G. Section 1B1.13(b)(6). *Id.* Under Section 1B1.13(b)(6), a change in the law may be considered an extraordinary and compelling circumstance when "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment[.]" *Id.* Wootters has not served ten years of her term of imprisonment.

In addition, numerous courts within this circuit have rejected the argument that the Guidelines' methamphetamine purity distinction constitutes an extraordinary and compelling reason for a sentence reduction. *See, e.g., United States v. Villa*, No. 3:12-CR-00320-N-14, 2025 WL 746518, at *4 (N.D. Tex. Mar. 7, 2025) (defendant "is not entitled to compassionate release on the argument that the guidelines distinction between actual methamphetamine and methamphetamine mixtures is unjust."); *United States v. Aaron*, No. 4:18-CR-46-SDJ, 2025 WL 696965, at *5 (E.D. Tex. Mar. 4, 2025) (declining to recalculate

3

base offense level to remove the distinction between methamphetamine actual and mixture); *United States v. Stewart*, No. 5:12-CR-00257, 2024 WL 3277380, at *3 (W.D. La. July 1, 2024) (holding that defendant's methamphetamine purity argument is properly the subject of a direct appeal or a Section 2255 motion, and "does not constitute an extraordinary and compelling reason for a sentence reduction"), *appeal dismissed*, No. 24-30455, 2024 WL 5323487 (5th Cir. Aug. 27, 2024); *United States v. Bradley*, No. 1:17cr9-HSO-RHW-1, 2024 WL 625313, at * 2-3 (S.D. Miss. Feb. 14, 2024) (sentencing is the more appropriate stage to consider such policy disagreements with the Guidelines), *appeal dismissed*, No. 24-60102, 2024 WL 3967504 (5th Cir. June 20, 2024).

Wootters has not established extraordinary and compelling reasons for release.

### B. The Section 3553 Factors Weigh Against Release

The Court also must consider the applicable Section 3553(a) factors to determine whether compassionate release is appropriate. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Mindful of these factors, the Court has carefully considered the record pertaining to (1) Wootters' sentence relative to the nature and seriousness of her offense; (2) her personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes by Wootters; (6) the need to provide rehabilitative services, (7) the applicable guideline sentence, and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. Section 3553(a). These factors are evaluated under the overarching principle that a sentence must be "sufficient, but not greater than necessary" to achieve sentencing goals, such as promoting respect for law and discouraging recidivism. *Id.* After considering the facts and circumstances pertaining to these factors, the Court cannot justify compassionate release. "Compassionate release is discretionary, not

4

mandatory, and [may] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

A review of the record shows that these factors militate against compassionate release. Wootters' Factual Resume shows that she admitted to knowingly possessing a pound of methamphetamine with the intent to distribute it. ECF No. 81-1 at 9. The Presentence Report ("PSR") ultimately found that she was accountable for more than 21,661 kilograms of converted drug weight, and her total offense level, even after reductions for acceptance of responsibility, was 33. *Id.* at 10. In view of the serious nature and circumstances of her offense of conviction as recounted in the PSR, the Court cannot conclude that releasing Wootters from prison after she has served only a fraction of her sentence would afford adequate deterrence or protect the public. Granting compassionate release, in the Court's view, would not provide a just punishment for her offense.

After reviewing the entirety of the record, the Court determines that releasing Wootters at this time would minimize the impact of her crime and the seriousness of her offense, as well as fall far short of providing a just punishment and an adequate deterrence to criminal conduct. Therefore, the Court finds that the Section 3553(a) factors weigh against a sentence reduction. This is an independent justification for denying the Motion.

For the foregoing reasons, the Motion is **DENIED**.

**SO ORDERED.**

December **3/**, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE